FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

JUL 13 2016

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) CRIMINAL NO. 15-1515 RB |
| vs. | ) |
| DANIEL LEE JACQUEZ, | ) |
| Defendant. | ) |

PLEA AGREEMENT

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties hereby notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, **DANIEL LEE JACQUEZ**, and the defendant's counsel, CESAR PIERCE-VARELA:

REPRESENTATION BY COUNSEL

1. The defendant understands the defendant's right to be represented by an attorney and is so represented. The defendant has thoroughly reviewed all aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation.

RIGHTS OF THE DEFENDANT

2. The defendant further understands the following rights:

   a. to be charged and prosecuted by indictment;

   b. to plead not guilty;

   c. to have a trial by jury;

   d. to confront and cross-examine witnesses and to call witnesses to testify for the defense; and

    e. against compelled self-incrimination.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3. The defendant hereby agrees to waive these rights and to plead guilty to the Information charging a violation of 21 U.S.C. § 846: Conspiracy to Possess with Intent to Distribute 50 Grams and More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).

## SENTENCING

4. The defendant understands that the minimum and maximum penalty the Court can impose is:

  a. imprisonment for a period of not less than five (5) years nor greater than forty (40) years;

  b. a fine not to exceed $5,000,000.00;

  c. a mandatory term of supervised release of not less than four (4) years. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release); and

  d. a mandatory special penalty assessment of $100.00.

5. The parties are aware that the Court may accept or reject this plea agreement, or may defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence report. Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the defendant shall have the right to withdraw Defendant's plea of guilty.

6. The United States hereby expressly reserves the right to make known to the United States Probation Office and to the Court, for inclusion in the presentence report prepared

pursuant to Federal Rule of Criminal Procedure 32, any information that the United States believes may be helpful to the Court, including but not limited to information about any relevant conduct under USSG § 1B1.3.

7. Except under circumstances where the Court, acting on its own, fails to accept this plea agreement, the defendant agrees that, upon the defendant's signing of this plea agreement, the facts that the defendant has admitted under this plea agreement as set forth below, as well as any facts to which the defendant admits in open court at the defendant's plea hearing, shall be admissible against the defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the defendant expressly waives the defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the defendant admits in conjunction with this plea agreement.

## DEFENDANT'S ADMISSION OF FACTS

8. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the Information that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

**Between March 27, 2014, and April 28, 2015, I worked with my co-defendants and others to distribute methamphetamine in Grant County, New Mexico. I am responsible for the distribution of approximately 5 to 15 kilograms of methamphetamine. In furtherance of our drug trafficking activities, I did the following:**
- **I supplied a co-defendant with at least 1/8 ounce of methamphetamine three times a week for one year.**

- On April 17, 2015, I supplied this same co-defendant with 55.3 grams of pure methamphetamine.
- On January 12, 2015, I supplied another co-defendant with 56.7 grams of methamphetamine.
- From January to April 2015, I supplied another co-defendant with at least 1/8 ounce of methamphetamine per week.
- I supplied another co-defendant with at least 1/8 ounce of methamphetamine once per week for four years.

**In addition, agents found multiple firearms and ammunition throughout my residence during the execution of a search warrant on April 30, 2015. These firearms and ammunition were connected to my participation in methamphetamine trafficking.**

9. By signing this agreement, the defendant admits that there is a factual basis for each element of the crime(s) to which the defendant will plead guilty. The defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the defendant's sentence, including, but not limited to, the advisory guideline offense level.

## STIPULATIONS

10. The United States and the defendant stipulate as follows:

a. The defendant and the United States agree, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a specific sentence of 108 months is the appropriate sentence in this case. This agreement takes into account the Defendant's acceptance of responsibility, with no further reduction to occur. The remaining components of the defendant's sentence, including but not limited to any fine or restitution and the length and conditions of supervised release, shall be imposed by the Court after the presentation of evidence and/or argument by the parties.

## FORFEITURE

11. Pursuant to 21 U.S.C. § 853, the defendant agrees to forfeit all of his right, title, and interest in the following property (hereafter, collectively, the "Property"):

   a. a Taurus .357 Magnum (serial number EM350803);

   b. a Rugar LC9 handgun (serial number 322-61299), a magazine clip and six (6) cartridges;
   c. two (2) Glock 19 handguns (serial numbers NA5672 and PFG005) and two (2) magazine clips;
   d. a S&W Bodyguard handgun (serial number KAN4458) and magazine clip;
   e. a Beretta Nano (serial number NU073964) and a magazine clip;
   f. a 1911 Para (serial number 015080NW) and two magazine clips;
   g. a Mossberg 20 gauge (serial number 0447329) and cartridges;
   h. a Umarez Uzi (serial number 0W1012534);
   i. three (3) Rugger 10-22s (serial numbers 826-64536, 828-47211 and 826-64595);
   j. a pistol grip shotgun (serial number U279954);
   k. an Anderson lower received (serial number 5468F13);
   l. a box of Hornaday ammunition containing twenty-five (25) 9mm cartridges, a magazine, and eight (8) .40 cartridges; and
   m. miscellaneous ammunition identified as Exhibits N-225, N-226 and N-227.

12. The defendant acknowledges that the Property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853(a)(2) because the Property was used or intended to be used to commit, or to facilitate the commission of, the violations of 21 U.S.C. § 846 set forth in the Information.

13. The defendant waives all interests in and claims to the Property, and hereby consents to the forfeiture of the Property to the United States. The forfeiture may be administrative, civil judicial, or criminal in the Government's sole discretion. The defendant hereby waives, and agrees to the tolling of, any rule or provision of law limiting the time for commencing, or providing notice of, any administrative or civil judicial forfeiture proceeding with respect to the Property, including, but not limited to, such limitations contained in 18 U.S.C. §§ 924(d)(1) and 983 and 19 U.S.C. § 1621. The defendant agrees to consent promptly upon request to the entry of any orders deemed necessary by the Government or the Court to complete

the forfeiture and disposition of the Property. The defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that forfeiture of the Property, if the Government elects to conduct the forfeiture criminally, will be part of the sentence imposed upon the defendant in this case and waives any failure by the Court to advise the defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the change-of-plea hearing. Pursuant to Rule 32.2(b)(3), the defendant will promptly consent to the preliminary order of forfeiture's becoming final as to the defendant before sentencing if requested by the Government to do so.

14.     The defendant hereby waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the Property. The defendant waives all constitutional and statutory challenges of any kind to any forfeiture carried out pursuant to this plea agreement. Without limitation, the defendant understands and agrees that by virtue of his plea of guilty the defendant will waive any rights or cause of action that the defendant might otherwise have had to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related civil forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

## DEFENDANT'S OBLIGATIONS

15.     The defendant understands the defendant's obligation to provide the United States Probation Office with truthful, accurate, and complete information, including, but not limited to defendant's true identity, citizenship status, and any prior criminal convictions. The defendant hereby represents that the defendant has complied with and will continue to comply with this

obligation. The defendant understands that any misrepresentation with respect to the above obligations may be considered a breach of this plea agreement.

## WAIVER OF APPEAL RIGHTS

16.     The defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the defendant knowingly waives the right to appeal the defendant's conviction(s) and any sentence, including any fine, at or under the maximum statutory penalty authorized by law, as well as any order of restitution entered by the Court. In addition, the defendant agrees to waive any collateral attack to the defendant's conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S AGREEMENT

17.     Provided that the defendant fulfills the defendant's obligations as set out above, the United States agrees not to bring additional criminal charges against the defendant arising out of the facts forming the basis of the present Information.

18.     This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

19.     The defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats or promises (other than the promises set forth in this plea agreement and any addenda). There have been no representations or promises from anyone as to what sentence the Court will impose.

## VIOLATION OF PLEA AGREEMENT

20. The defendant understands and agrees that if the defendant or the defendant's attorney violates any provision of this plea agreement, the United States may declare this plea agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, and obstruction of justice, and any other crime committed by the defendant during prosecution of this case.

## SPECIAL ASSESSMENT

21. At the time of sentencing, the defendant will tender a money order or certified check payable to the order of the United States District Court, District of New Mexico, 333 Lomas Boulevard, NW, Albuquerque, New Mexico 87102, in the amount of $100.00 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

22. This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. The parties agree and stipulate that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding. This agreement is effective upon signature by the defendant and an Assistant United States Attorney, and upon entry of a guilty plea by the defendant pursuant to this agreement.

AGREED TO AND SIGNED this 13 day of July, 2016.

DAMON P. MARTINEZ
United States Attorney

*A. Wright*

ANNA R. WRIGHT
Special Assistant U.S. Attorney
555 S. Telshor Blvd., Suite 300
Las Cruces, NM 88011
(575) 522-2304 – Tel.
(575) 522-2391 – Fax

    This agreement has been read to me in the language I understand best, and I have carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

DANIEL LEE JACQUEZ
Defendant

    I am the attorney for DANIEL LEE JACQUEZ. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

CESAR PIERCE-VARELA
Attorney for Defendant

9